UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-56829-JRS |
| | ) | |
| CLARK BARBER and | ) | CHAPTER    7 |
| AQUA CHIFFON BARBER, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| NEIL C. GORDON, | ) | |
| as Chapter 7 Trustee for the estates of | ) | |
| Clark Barber and Aqua Chiffon Eusery Barber, | ) | |
| | ) | |
| Movant, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 18- |
| vs. | ) | |
| | ) | |
| AQUA CHIFFON BARBER, | ) | |
| FRANCIS STORMY HILTS, | ) | |
| CHRISTINE CLARK HILTS, BURGESS | ) | |
| TITLE & ESCROW, LLC, AND FIRST | ) | |
| AMERICAN TITLE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Neil C. Gordon, as Chapter 7 Trustee (the "**Plaintiff**" or "**Trustee**") for the bankruptcy

estate (the "**Bankruptcy Estate**") of Clark Barber and Aqua Chiffon Barber ("**Debtors**") and files

this complaint against Aqua Chiffon Barber ("**Ms. Barber**"), Francis Stormy Hilts ("**Mr. Hilts**"),

Christine Clark Hilts ("**Ms. Hilts**"); Burgess Title & Escrow, LLC ("**Burgess**"), and First American

Title Company ("**FATC**," collectively with Ms. Barber, Mr. Hilts, Ms. Hilts, and Burgess, the

"**Defendants**") and shows the Court as follows:

12381665v1

## Jurisdiction and Venue

1.    This adversary proceeding is initiated pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 11 U.S.C. §§ 105, 362, 549, 550, 551, and 727.

2.    This adversary proceeding arises in and relates to the case of *In re Clark Barber and Aqua Chiffon Barber*, Chapter 7 Case No. 14-56829-JRS (the "**Bankruptcy Case**") filed on April 3, 2014 (the "**Petition Date**"), which is being administered in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

3.    This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § § 157(b)(2) (A), (E), (J), and (O).

4.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

## The Parties

5.    Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee of the Debtors.

6.    Ms. Barber is subject to the jurisdiction of this Court.

7.    Ms. Barber may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

> Aqua Chiffon Barber
> 111 Willow Hill Lane
> Stockbridge, GA 30281

8.    Mr. Hilts is subject to the jurisdiction of this Court.

9.    Mr. Hilts may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

12381665v1

Francis Stormy Hilts
193 Walker Street
Jackson, GA 30233

10.  Ms. Hilts is subject to the jurisdiction of this Court.

11.  Ms. Hilts may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy

Procedure by first class United States Mail as follows:

Christine Clark Hilts
193 Walker Street
Jackson, GA 30233

12.  Burgess is subject to the jurisdiction of this Court.

13.  Burgess may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy

Procedure by first class United States Mail as follows:

Burgess Escrow & Title, LLC
c/o Charles Dickenson, Reg. Agt.
1925 Marietta Highway, 2nd Floor
Canton, GA 30114

14.  FATC is subject to the jurisdiction of this Court.

15.  FATC may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy

Procedure by first class United States Mail as follows:

First American Title Insurance Company
c/o Corporation Service Company, Reg. Agt.
40 Technology Parkway, South, #300
Norcross, GA 30092

**Factual Background**

16.  On the Petition Date, the Debtors also filed their bankruptcy schedules and statement of

financial affairs under penalty of perjury (the "**Sworn Statements**").  The Sworn Statements reflect

unsecured non-priority claims of $22,244.10, consisting almost entirely of credit card debt.

12381665v1

17.    On June 5, 2014, at the conclusion of the meeting of creditors conducted pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**"), Trustee became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d)[1].

18.    Debtor wife, Ms. Barber testified that her father, Alfred F. Eusery ("**Mr. Eusery**"), died intestate on November 1, 2011.

### *i. The Inherited Property*

19.    Mr. Eusery was the sole owner of an unencumbered residence being that certain real property known generally as 193 Walker Street, Jackson, Butts County, Georgia 30233 (the "**Property**"). There were no letters of administration filed in the probate court.

20.    Ms. Barber testified that as of the Petition Date, the Property was occupied by Ms. Barber's mother, Daisy Eusery ("**Mrs. Eusery**"), and a 37-year old disabled niece who was the daughter of Ms. Barber's only sibling, Marsha Holcomb ("**Ms. Holcomb**").

21.    Under the rules of intestacy Ms. Barber would have inherited a one third (1/3) interest in the Property.  The Property was not disclosed in the Sworn Statements, and the Debtors claimed no exemption therein.

22.    On May 27, 2014, the Trustee filed his *Notice of Bankruptcy Filing and Claim of Chapter 7 Bankruptcy Trustee* (the "**Claim of Interest**") on the real estate records of Butts County, Georgia.  A true and correct copy of the Claim of Interest is attached as Exhibit "A."

23.    The Trustee's realtor and staff tried repeatedly over the years to arrange an inspection of the Property, however, the Debtors refused to cooperate with Trustee.

24.    On August 27, 2014, the Court entered the *Discharge of Debtor* (the "**Discharge**") [Doc. No. 19] which provided *inter alia*:

---

[1] The 341 Meeting was originally scheduled for May 7, 2014, but continued for production of identification.

12381665v1

"This discharge does not affect any property of the estate as defined by section 541 of the Bankruptcy Code, and the automatic stay of section 362(a) of the Bankruptcy Code continues to apply to any property of the estate unless and until the automatic stay has been terminated by order of the court or expires pursuant to section 362(c) of the Bankruptcy Code. Such property remains subject to administration by the trustee on behalf of the bankruptcy estate."

A true and correct copy of the Discharge is attached as Exhibit "B."

25. Ms. Barber's mother, Daisy L. Eusery died on January 3, 2015, and Ms. Holcomb also died shortly thereafter, leaving Ms. Barber as the sole heir.

26. On or about September 29, 2016, Ms. Barber filed Letters of Administration with the Probate Court with the *Last Will and Testament of Alfred Frank Eusery* (the "**Eusery Estate**") dated May 30, 1992, indicating that Mr. Eusery did not die intestate.

### ii. The Transfer

27. On January 4, 2017, Ms. Barber took out a mortgage on the Property in the amount of $3,500.00. The security deed was filed with the Clerk of the Superior Court of Butts County on January 9, 2017.

28. On May 15, 2017, Ms. Barber as administrator of the Eusery Estate transferred the Property to Francis Stormy Hilts for $55,000.00 (the "**Transfer**") pursuant to an administrator's deed (the "**Administrator's Deed**") filed with the Clerk of the Superior Court of Butts County on May 26, 2017 (the "**Closing**"), despite the Trustee's Claim of Interest. A true and correct copy of the Administrator's Deed is attached as Exhibit "C."

29. Also on May 15, 2017, Mr. Hilts transferred a one-half interest in the Property to Ms. Hilts pursuant to a warranty deed filed with the Clerk of the Superior Court of Butts County on June 30, 2017.

30. Pursuant to the settlement statement prepared by Burgess in connection with the Closing, Ms. Barber received $45,150.52 (the "**Proceeds**") from the sale.

31. On October 23, 2017, the Trustee made written demand on the attorney for the Debtors for an accounting and for turnover of property of the bankruptcy Estate.

32. On March 16, 2018, the Trustee filed his *Motion to (A) Compel (1) Turnover of Estate Property and (2) An Accounting and (B) Hold Debtor, Aqua Chiffon Barber, in Contempt for Violating the Stay* (the "**Motion**") [Doc. No. 28].

33. The Debtors failed to attend the hearing on the Motion on April 10, 2018, and the Order [Doc. No. 30] granting the Motion was entered on April 12, 2018.

34. The Debtors failed and refused to respond to their attorney, Stacey Butler ("**Ms. Butler**") and on April 4, 2018, Ms. Butler filed a motion to withdraw as their attorney (the "**Attorney's Motion**") [Doc No. 29], and an Order [Doc. No. 31] granting the Attorney's Motion was entered on April 13, 2018.

35. Via e-mail to the office of the Trustee, Ms. Barber wrote that she spent the Proceeds as follows:

> "Upkeep of my parents (sic) home $500, paid taxes $1450, lawn care $150, appraisal fees $1050, had miscellaneous items moved from property $250 loans from family & friends $5000, down payment on a car $8000 repairs on other vehicle, $4000, gave funds to our children $10,000 tithes $4,500 offerings $1000 purchased items for house $500, vacation $1500, medical/vision bills $1500, day to day living expenses varied @ approximately $5,800.00 over a period of almost 12 months."

36. On May 22, 2018, the Trustee made written demand on Mr. Hilts, FATC, and Burgess for turnover of the Proceeds as property of the Estate via certified mail, return receipt requested.

37. According to the electronic tracking system of the United States Post Office, FATC and Burgess signed for the correspondence on May 25, 2018. The Hilts correspondence was returned unclaimed.

38. No response has been received from FATC and Burgess.

12381665v1

## COUNT I.

### Revocation of Discharge
### Under 11 U.S.C. § 727(d)(2)

39.  The Plaintiff hereby realleges and incorporates paragraphs 1-38 of his Complaint as if same were set forth verbatim herein.

40.  Ms. Barber acquired the Property and knowingly and fraudulently failed to report the acquisition of the Property or the Transfer of the Property or to deliver the Proceeds of the Transfer to the Trustee

41.  Ms. Barber spent property of the estate.

42.  Pursuant to 11 U.S.C. § 727(d)(2), Ms. Barber's discharge should be revoked.

## COUNT II

### Violation of Automatic Stay
### Under 11 U.S.C. §§ 362(k) and 105(a)

43.  Plaintiff hereby re-alleges and incorporates paragraphs 1 through 42 of this Complaint as if the same were set forth verbatim herein.

44.  Defendants' failure and refusal to turn over the Property to the Trustee was a willful violation of the Automatic Stay.

45.  Defendants intentionally took steps to exercise control over the Property, which was property of the Bankruptcy Estate, after the Bankruptcy Case was commenced.

46.  Defendants' willful violation of the stay has resulted in damages to the Estate in the amount of the Proceeds plus the Trustee was forced to incur attorneys' fees and court costs in his efforts to recover the Property or its Proceeds.

47.  The Transfer should declared void and title to the Property placed in Trustee's name and Defendants should be held liable for such damages under 11 U.S.C. §§ 362(k) and 105(a),

including all attorney's fees and costs and punitive damages in the amount of three times (3x) actual damages.

## COUNT III

### Avoidance of Unauthorized Post-Petition Transfer
### Under 11 U.S.C. § 549

48. Plaintiff hereby re-alleges and incorporates paragraphs 1-47 of this Complaint as if the same were set forth verbatim herein.

49. The Transfer occurred three years after the Petition Date.

50. The Transfer constitutes a post-petition transfer and is, therefore, void *ab initio*.

51. Transfer occurred after the commencement of the Case.

52. The Transfer was not authorized by the Court or under Title 11 of the United States Code.

53. To the extent necessary, Trustee may avoid the Transfer under 11 U.S.C. § 549(a).

54. All Defendants were on notice of the bankruptcy because the Claim of Interest was recorded by the Trustee on the real estate records for the Property.

55. Pursuant to U.S.C. § 549(c), there is no good faith defense available to the Defendants.

## COUNT IV

### Recovery of Avoided Post-Petition Transfer
### Under 11 U.S.C. § 550

56. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 55 of this Complaint as if the same were set forth verbatim herein.

57. Mr. Hilts and Ms. Hilts were the initial transferees of the Transfer.

58.  Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover the avoided Transfer or its value from Mr. Hilts and Ms. Hilts.

## COUNT V

### Preservation of the Avoided Post-Petition Transfer
### Under 11 U.S.C. § 551

59.  Plaintiff hereby re-alleges and incorporated paragraphs 1 through 58 of this Complaint as if the same were set forth verbatim herein.

60.  Once avoided, the Post-Petition Transfer is automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays the Court:

a)  Enter an order and judgment revoking Ms. Barber's discharge pursuant to Count I of the Complaint;

b)  Enter an order and judgment against the Defendants jointly and severally in the amount of $45,150.52  plus attorney's fees, court costs and interest from the date of demand, and punitive damages in the amount of $135,451.56;

c)  Find Defendants liable for the Transfer under 11 U.S.C. § 550, and enter a judgment against Defendants and in favor of Plaintiff in an amount no less than the value of the Transfer plus attorney's fees, court costs and interest from the date of demand;

d)  Enter an order and judgment preserving the avoided Transfer for the benefit of the Estate, pursuant to 11 U.S.C. § 551;  and

e)   Grant such other and further relief as the Court finds just and proper.

ARNALL GOLDEN GREGORY, LLP
*Attorneys for Chapter 7 Trustee*

By:/s/ *Neil C. Gordon*
Neil C. Gordon
Ga. Bar No. 302387
Email: neil.gordon@agg.com
Phone: (404) 873-8596
Fax: (404) 873-8597

171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

12381665v1

**Exhibit A**

12381665v1

DOC# 001522
FILED IN OFFICE
05/27/2014   12:58 PM
BK:753   PG:210-214
RHONDA SMITH
CLERK SUPERIOR COURT
BUTTS COUNTY

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                              )           CASE NO. 14-56829-JRS
                                                         )
CLARK BARBER and                       )           CHAPTER   7
AQUA CHIFFON BARBER,              )
                                                         )
     Debtors.                               )
                                                         )
_____)

Re:   Aqua Chiffon Barber
        City of Jackson, Butts County

### NOTICE OF BANKRUPTCY FILING AND
### CLAIM OF CHAPTER 7 BANKRUPTCY TRUSTEE

    Notice is hereby given that a Petition for Relief under Chapter 7 of the United States Bankruptcy Code has been filed in the above-styled case. The undersigned Trustee hereby claims an interest in any and all property that Aqua Chiffon Barber (the "Debtor") now has or formerly had an ownership interest, legal or equitable, including, but not limited to, the following described property (the "Property") titled in the name of Debtor's late father, Alfred F. Eusery, who died on November 11, 2011:

    ALL THAT TRACT OR PARCEL OF LAND SITUATE IN TOWN OF JACKSON, COUNTY OF BUTTS, STATE OF GEORGIA FRONTING 150 FEET ON WALKER STREET AND RUNNING BACK AN EQUAL DISTANCE OF 208 FEET TO A LOT BELONGING TO WALKER MOORE CONTAINING ONE RESIDENCE AND BARN BEING BOUNDED AS FOLLOWS:  ON THE NORTH BY W. H. SHERARD, ON THE WEST BY WALKER STREET, ON THE SOUTH BY LANDS OF E. L. SMITH AND ON WEST BY LANDS OF WALKER MOORE.

6431536v1

BK:753   PG:211

SAID PROPERTY KNOWN GENERALLY AS 193 WALKER STREET, JACKSON, BUTTS COUNTY, GEORGIA 30233.

This 23 day of May, 2014.

_____
NEIL C. GORDON
Chapter 7 Trustee

ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Telephone: (404) 873-8596

6431536v1

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/11)          Case Number **14−56829−jrs**

| UNITED STATES BANKRUPTCY COURT Northern District of Georgia |
|---|

## Notice of
## Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 4/3/14.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
|---|---|
| Clark Barber<br>aka Clarke Barber<br>111 Willow Hill Lane<br>Stockbridge, GA 30281 | Aqua Chiffon Barber<br>111 Willow Hill Lane<br>Stockbridge, GA 30281 |
| Case Number:<br>14−56829−jrs | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−3785<br>xxx−xx−5245 |
| Attorney for Debtor(s) (name and address):<br>Stacey L. Butler<br>The Bankruptcy Law Group, LLC<br>Suite A<br>155 Eagles Walk<br>Stockbridge, GA 30281<br>Telephone number:  770−389−0002 | Bankruptcy Trustee (name and address):<br>Neil C. Gordon<br>Arnall, Golden & Gregory, LLP<br>Suite 2100<br>171 17th Street, NW<br>Atlanta, GA 30363<br>Telephone number:  (404) 873−8596 |

### Meeting of Creditors

Date: **May 7, 2014**                               Time: **01:00 PM**

Location: **Third Floor − Room 365, Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303**

**NOTICE TO DEBTOR(S):**  Individuals who file bankruptcy must bring two forms of original documentation to their meeting of creditors: photo identification (driver's license, government ID, state photo ID, student ID, U.S. passport, military ID, or resident alien card) and confirmation of their social security number. **Additionally, you must provide the trustee whose name appears above with a copy of your most recently filed income tax return.**This should be provided at least 7 days before the meeting of creditors. **DO NOT FILE YOUR TAX RETURN WITH THE COURT. Please bring a copy of this notice with you to the Meeting of Creditors. Cellular phones and other devices with cameras will NOT be allowed beyond security checkpoints.**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 7/7/14**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>1340 Russell Federal Building<br>75 Spring Street, SW<br>Atlanta, GA 30303<br>Telephone number:  404−215−1000 | For the Court:<br>Clerk of the Bankruptcy Court:<br>M. Regina Thomas<br>See our website: www.ganb.uscourts.gov |
|---|---|
| Hours Open:  Monday − Friday 8:00 AM − 4:00 PM | Date:  4/4/14 |

BK: 753    PG: 212

BK: 753    PG: 213

## EXPLANATIONS

B9A (Official Form 9A) (12/11)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | Neither the Court nor the staff of the bankruptcy clerk's office can give you legal advice. You may want to consult an attorney to protect your rights. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint — or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) — in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office.  (See below for additional information regarding telephone and internet access to Bankruptcy Court records). See our website: www.ganb.uscourts.gov |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

### Refer to Other Side for Important Deadlines and Notices

An automated response for further information on this case is available 24 hours daily by calling the Multi−Court Voice Case Information System (MCVCIS) toll free number 866−222−8029, selecting your language, and then pressing 18 to access the Georgia Northern Bankruptcy Court. Please have the case number, social security number or debtor name available when calling.

For case information you may choose to visit the Bankruptcy Court locations to view case information for free. Case information may be printed for 10 cents per page. Members of the bar and the public may access Court records at any time, by obtaining an account with the PACER (Public Access to Court Electronic Records) Service Center (800−676−6856). PACER access is available via the Internet, days, night and weekends. The

cost to use PACER is ten (10) cents per page up to a maximum of $3.00 per document. A statement will be generated and mailed for your account, if you have accrued charges during the quarter and have a balance due greater than $15. If your balance is less than $15, no statement will be mailed and payment will be deferred until the balance due is greater than $15. The statement will only include the total amount due.

BK:753    PG:214

**Exhibit B**

12381665v1

## UNITED STATES BANKRUPTCY COURT

### Northern District of Georgia

In Re:  Debtor(s)
**Clark Barber**
111 Willow Hill Lane
Stockbridge, GA 30281

xxx–xx–3785

**Aqua Chiffon Barber**
111 Willow Hill Lane
Stockbridge, GA 30281

xxx–xx–5245

Case No.: **14–56829–jrs**
Chapter: **7**
Judge: **James R. Sacca**

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED** that the debtor is granted a discharge under § 727 of title 11, United States Code, (the Bankruptcy Code).

James R. Sacca
United States Bankruptcy Judge

Dated:  August 27, 2014

Form 7do

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION
REGARDING THE BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE**

FORM 7do continued (10/05)

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

This discharge does not affect any property of the estate as defined by section 541 of the Bankruptcy Code, and the automatic stay of section 362(a) of the Bankruptcy Code continues to apply to any property of the estate unless and until the automatic stay has been terminated by order of the court or expires pursuant to section 362(c) of the Bankruptcy Code. Such property remains subject to administration by the trustee on behalf of the bankruptcy estate.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**This Bankruptcy Discharge is an important document that you should retain in the event a copy is needed in the future. If you request a copy from the Clerk's Office at a later date, you will be required to pay a fee.**

**Exhibit C**

12381665v1

```
DOC# 001513
FILED IN OFFICE
5/26/2017  01:51 PM
BK:832  PG:425-427
RHONDA WAITS SMITH
CLERK SUPERIOR COURT
BUTTS COUNTY
Rhonda Smith
REAL ESTATE TRANSFER TAX
PAID: $55.00

PT-61 018-2017-000425
```

Return Recording To:
BURGESS TITLE & ESCROW, LLC
2330 PATRICK HENRY PKWY
SUITE 350
MCDONOUGH, GA 30253
File 17A-1041

STATE OF GEORGIA
COUNTY OF HENRY

# ADMINISTRATOR'S DEED

THIS INDENTURE, made this 15TH day of MAY, 2017, by and between

**AQUA C. EUSERY-BARBER** As Administrator of the Estate of **ALFRED FRANK EUSERY**, late of the State of Georgia and County of **BUTTS**, deceased, of the First Part, (hereinafter referred to as "Grantor") and

**FRANCIS STORMY HILTS**

of the Second Part (hereinafter referred to as "Grantee"), the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits:

## WITNESSETH:

That Grantor, acting under and by virtue of the power and authority contained in the **Letters of Administration for Estate No. 16-88, BUTTS County** probate records, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto Grantee:

ALL THAT TRACT OR PARCEL OF LAND DESCRI BED AS BEING LOCATED IN THE CITY OF JACKSON, BUTTS COUNTY, GEORGIA FRONTING 150 FEET ON WALKER STREET AND RUNNING BACK AN EQUAL DISTRANCE OF 208 FEET TO PROPERTY FORMERLY BELONGING TO WALTER MOORE BEING MORE PARTICULARLY DESCRIBED IN THAT CERTAIN DEED FROM R.L.COOK TO REV. ALFRED F. EUSERY DATED 2-28-1978 AND RECORDED IN DEED BOOK 67, PAGE 311, BUTTS COUNTY, GEORGIA RECORDS.

ATTACHED AS EXIBIT "A" IS THE LETTERS OF ADMINISTRATION

BK:832    PG:426

TO HAVE AND TO HOLD the said tract or parcel of land, with all the singular rights, members and appurtenances thereof, to the same being, belonging and in anywise appertaining to the only proper use, benefit and behoof of Grantee forever, in fee simple, in as full and ample a manner as the same was held, possessed and enjoyed, or might have been held, possessed and enjoyed by the said deceased.

IN WITNESS WHEREOF, Grantor has hereunto set hand and seal, the day and date first above written.

Signed, seal and delivered
In the presence of:

_____                         _____ (Seal)
WITNESS                                            AQUA C. EUSERY-BARBER
                                                   Administrator Aforesaid

_____
NOTARY PUBLIC

EXHIBIT "A"     BK:832   PG:427

IN THE PROBATE COURT OF __BUTTS_____ COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF          )
                          )
                          )     ESTATE NO. __16-88_____
__Alfred Frank Eusery_____)
DECEASED                  )

## LETTERS OF ADMINISTRATION WITH WILL ANNEXED
*[Bond Waived and/or Certain Powers Granted at Time of Appointment]*

At a regular term of Probate Court, the Last Will and Testament dated __May 30, 1992___
(and Codicil(s) dated __N/A_____) of the above-named Decedent, who was
domiciled in this County at the time of his or her death or was domiciled in another state but owned
property in this County at the time of his or her death, was legally proven in Solemn Form to be
the Decedent's Will and was admitted to record by order, and it was further ordered that
__Aqua C. Eusery-Barber_____ be allowed to qualify as Administrator(s)
with Will Annexed, and that upon doing so, Letters of Administration with Will Annexed be issued
to said individual(s).

THEREFORE, the Administrator(s), having taken the oath of office and complied with all
necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise
all the powers of Executor(s) under the Will of said Decedent and of Administrator(s) with Will
Annexed according to the Decedent's Will and the law. In addition, this Court:

*[Initial all that apply]*

X   (a)   *POWERS GRANTED:* Grants to the Administrator(s) all of the powers
          contained in O.C.G.A. § 53-12-261.

X   (b)   *REPORTS WAIVED:* Grants to the Administrator(s) the specific power to
          serve without making and filing inventory, and without filing any annual or
          other returns or reports to any court; but the fiduciary(ies) shall furnish to
          the beneficiaries at least annually, a statement of receipts and
          disbursements.

X   (c)   *BOND WAIVED:* Waives the specific requirement to post bond.

Given under my hand and official seal, the __29th__ day of __September__, 2016

_Elizabeth H Belic_____
Judge Of the Probate Court

*NOTE: The following must be signed if the
Judge does not sign the original of
this document:*                              *[Seal]*

Issued by:

_____
Clerk of the Probate Court                    Eff. July 2016
GPCSF7                          [15]